INTERNOR TRADE INC. AND PETROBAS COMERCIO INTERNATIONAL S.A. INTER-
BRAS, PLAINTIFFS *v.* UNITED STATES, AND MALCOLM BALDRIGE, SECRETARY OF
COMMERCE, DEFENDANTS

Court No. 86–04–00510

MEMORANDUM AND ORDER

(Dated July 16, 1986)

*Rogers & Wells (Eugene T. Rossides* and *Robert E. Ruggeri)* for the plaintiffs.
*Richard K. Willard,* Assistant Attorney General; *David M. Cohen,* Director, Com-
mercial Litigation Branch, Civil Division, U.S. Department of Justice *(Elizabeth C.
Seastrum)* for the defendants; *Andrea E. Migdal,* U.S. Department of Commerce, of
counsel.

AQUILINO, *Judge:* The court is in receipt of an untimely motion by
the defendants to extend their time to file the administrative record
until 45 days after decision of their earlier motion to dismiss the
complaint. Were it not for the fact that the relief requested is clear-
ly in the interest of orderly and efficient proceedings herein, the mo-
tion to extend would be denied.

I

Both the Customs Courts Act of 1980, 28 U.S.C. § 2635(b)(1), and
CIT Rule 71(a) require that the record in an action such as this be
filed within 40 days after service of the complaint, which apparently
occurred in this action on May 20, 1986. The defendants compute
their filing deadline to have been July 3, 1986,[1] the date on which
their instant motion for an extension was served.

Such motions are governed by CIT Rule 6(b), subparagraph (2) of
which provides:

> The motion for extension of time must set forth the specific
> number of additional days requested, the date to which the ex-
> tension is to run, the extent to which the time for the perfor-
> mance of the particular act has been previously extended, and
> the reason or reasons upon which the motion is based. *The mo-
> tion shall be filed prior to the expiration of the period allowed
> for the performance of the act to which the motion relates* (in-
> cluding any previous extension of time); except, when for good
> cause shown, the delay in filing was the result of excusable neg-
> lect or circumstances beyond the control of the party. [emphasis
> added]

Defendants' motion was received in the Clerk's office on July 8,
1986 and thereafter referred to this court for disposition. Self-evi-
dently, the motion does not meet the dictate of Rule 6(b)(2) under-
scored above, notwithstanding the provisions of CIT Rules 5(g) and

---

[1] *See* Defendant's Motion for Extension of Time for Filing the Administrative Record and for Leave to File the Record on
Microfilm, [hereinafter cited as "Defendants' Memorandum"], p. 1.

6(c) regarding timing. Rather, the dictate is that motions for extensions of time, which require prompt attention, be made far enough in advance of deadlines so as to afford the court at least some time within the litigants' periods to perform to decide them.[2]Otherwise, partieslike the defendants herein could automatically extend the time mandates of Congress and this Court of International Trade.

The motion at bar does not call into account the exceptions contained in Rule 6(b)(2) ("excusable neglect" or "circumstances beyond the control of the party"). On June 11, 1986, the defendants served their motion to dismiss on the ground of lack of subject-matter jurisdiction over this action where the International Trade Administration (ITA) has reached a final affirmative antidumping-duty determination,[3] but where the International Trade Commission has reached a final negative determination[4] that the domestic industry is being materially injured, or threatened with material injury, by reason of the dumped imports.[5] This being the primary reason for defendants' request for an extension of time, it could have and should have been made around June 11, 1986—definitely not on July 3rd.

The interest of orderly and efficient proceedings which is raised by defendants' request is of sufficient moment on its face, however, to transcend the method of its presentment. That part of their motion which seeks an extension of time to file the administrative record until after determination of the dispositive motion should therefore be granted.

### MICROFILMED RECORD

Defendants' motion contains a secondary request, couched as follows:

> * * * If * * * the Court rules against the Government * * * then the ITA will need an additional 45 days to finalize the record, prepare the index, send it to the microfilmer, and review the microfilm tapes for accuracy.[6]

Of course, insofar as the request for leave to submit microfilm is contingent upon the filing deadline for the administrative record, the court's decision to grant the extension of time makes that matter moot. However, issues raised remain.

Clearly, the ITA is free to process and maintain its record as it deems appropriate. But agency expediency is not, in itself, ground for extension of the time for filing that record mandated by both

---

[2] To the extent the time required for decision goes beyond the deadline sought to be extended, Rule 6(b)(4) protects the movant in the event of denial. Indeed, the 10 days provided therein constitute a good rule of thumb for the minimum length of time in advance for the making of motions for extensions, certainly where they are contested [compare CIT Rule 7(d)] or the period to perform the act is as lengthy (40 days) as herein.

[3] See Antidumping; Fuel Ethanol From Brazil,. Final Determination of Sales at Less Than Fair Value, 51 Fed. Reg. 5572 (Feb. 14, 1986).

[4] See Import Investigations; Ethyl Alcohol From Brazil,51 Fed. Reg. 9538 (March 19, 1986); USITC Pub. 1818 (March 1986).

[5] The plaintiffs herein seek judicial review of the ITA's determination.

[6] Defendants' Memorandum, p. 2. This memorandum goes on to state at page 3:

The ITA proposes to reproduce the record in microfilm and to submit a microfilm copy to the Court because this procedure will make the record easier to compile, deliver and maintain. It will also relieve some of the practical problems ordinarily encountered when working with large quantities of papers. Defendant has been advised that the Court has technical facilities which will allow persons to review a microfilm copy of the record at the Court.

Congress[7] and this Court of International Trade. Although the ITA may well labor under a heavy paper burden in view of the nature and number of proceedings within its area of responsibility, counsel make no showing what distinguishes the agency record here from the records in other proceedings.

Furthermore, while the defendants are correct when they indicate that the Clerk's office now has "technical facilities which will allow persons to review a microfilm copy of the record", this court is convinced that, however refined those facilities may be, they do not enhance actual review by parties, the court, or the public, of individual elements of the record; only its overall handling and storage, which, admittedly, can be compelling considerations. Therefore, defendants' request to microfilm should be denied without prejudice.

## II

For their part, the plaintiffs have served and filed a motion for an extension of time to respond to defendants' motion to dismiss which complies with Rule 6(b)(2).[8] The motion falls short on the merits, however. That is, it seeks an extension that would run until 35 days after another judge has decided another government motion to dismiss another, unrelated action. While the gravamen of that motion is apparently the same as the one defendants have posited herein, and while this Court of International Trade consistently makes every effort to administer justice as efficiently as practicable, the plaintiffs have failed to bear their burden of persuasion that the mere existence of a similar issue of law in another action is ground for an extension of time to be delimited by that action rather than by the one they have brought to court. In other words, a plaintiff's response to a motion to dismiss its action generally should not abide the outcome of a motion to dismiss another action, and that is true here as well.

In any event, implicit in plaintiffs' motion, however timely made, is the need for an additional period for response to the motion to dismiss. Apparently, the position of the defendants is that "they 'do not consent to but will not object to the Motion.' "[9]

Now, therefore, in view of the foregoing, and after due deliberation, it is

ORDERED that that part of defendants' Motion for Extension of Time for Filing the Administrative Record and for Leave to File the Record on Microfilm as requests an extension of time to file the administrative record until after the court has decided defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction dated June 11, 1986 be, and it hereby is, granted; and it is further hereby

---

[7] Indeed, the congressional intent is that there be expeditious judicial review of agency determinations of important international trade matters.

[8] The motion was deemed filed 14 days before the deadline in question, thereby affording the court adequate time to consider it.

[9] Plaintiffs' Motion for Extension of Time to File Response to Defendants' Motion to Dismiss, pp. 2–3.

ORDERED that the administrative record be filed within 40 days of any denial of defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction dated June 11, 1986; and it is further

ORDERED that that part of defendants' Motion for Extension of Time for Filing the Administrative Record and for Leave to File the Record on Microfilm as requests leave to file the administrative record on microfilm be, and it hereby is, denied, without prejudice; and it is further

ORDERED that plaintiffs' Motion for Extension of Time to File Response to Defendants' Motion to Dismiss be, and it hereby is, granted to the extent that the plaintiffs shall have until August 15, 1986 to serve and file any such response.